TRINA A. HIGGINS, United States Attorney (#7439)
JENNIFER E. GULLY, Assistant United States Attorney (#15453)
AARON B. CLARK, Assistant United States Attorney (#15404)
Office of the United States Attorney
Attorneys for the United States
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: 801.524.5682

<table>
<tr><td colspan="2" align="center">IN THE UNITED STATES DISTRICT COURT<br>DISTRICT OF UTAH</td></tr>
<tr><td><br><br>UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>    vs.<br><br>MICHAEL PAUL GIBB,<br><br>     Defendant.</td><td>**FELONY COMPLAINT**<br><br>Case No.  2:22mj375 CMR<br><br>Violations:<br><br>COUNT 1: 21 U.S.C. § 841(a)(1), Possession of Fentanyl With Intent to Distribute;<br><br>COUNT 2: 21 U.S.C. § 841(a)(1), Possession of Cocaine with Intent to Distribute;<br><br>COUNT 3: 21 U.S.C. § 841(a)(1), Possession of Marijuana with Intent to Distribute; and<br><br>COUNT 4: 21 U.S.C. § 841(a)(1), Possession of Psilocybin with Intent to Distribute.<br><br>Hon. Cecilia M. Romero<br>United States Magistrate Judge</td></tr>
</table>

Before Cecilia M. Romero, United States Magistrate Judge for the District of Utah,

appears the undersigned, who on oath deposes and says:

<u>COUNT 1</u>
21 U.S.C. § 841(a)(1)
(Possession of Fentanyl with Intent to Distribute)

On or about May 25, 2022, in the District of Utah,

MICHAEL PAUL GIBB,

the named defendant herein, did knowingly and intentionally possess with intent to distribute

forty (40) grams or more of a mixture or substance containing a detectable amount of  N-phenyl-

N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propanamide ("Fentanyl"), a Schedule II controlled

substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and

punishable pursuant to 21 U.S.C. § 841(b)(1)(B).


## COUNT 2
21 U.S.C. § 841(a)(1)
(Possession of Cocaine with Intent to Distribute)

On or about May 25, 2022, in the District of Utah,

MICHAEL PAUL GIBB

the named defendant herein, did knowingly and intentionally possess with intent to distribute

five-hundred (500) grams or more of a mixture or substance containing a detectable amount of

Cocaine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812; all in

violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(B).


## COUNT 3
21 U.S.C. § 841(a)(1)
(Possession of Marijuana with Intent to Distribute)

On or about May 25, 2022, in the District of Utah,

MICHAEL PAUL GIBB,

the named defendant herein, did knowingly and intentionally possess with intent to distribute

between fifty (50) kilograms or more of a mixture or substance containing a detectable amount

of Marijuana, a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in

violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

<u>COUNT 4</u>
21 U.S.C. § 841(a)(1)
(Possession of Psilocybin with Intent to Distribute)

On or about May 25, 2022, in the District of Utah,

MICHAEL PAUL GIBB,

the named defendant herein, did knowingly and intentionally possess with intent to distribute

Psilocybin, a Schedule I controlled substance within the meaning of 21 U.S.C. § 812; all in

violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

**OFFENSE ELEMENTS**

The elements for Count 1 are:

- The Defendant knowingly and intentionally possessed the controlled substance as charged;

- The controlled substance was forty (40) grams or more of a mixture or substance containing a detectable amount of N-phenyl-N- [ 1- ( 2-phenylethyl ) -4- piperidinyl] propanamide ("Fentanyl"), a Schedule II controlled substance; and

- The Defendant possessed the controlled substance with the intent to distribute it to another person or persons.

The elements for Count 2 are:

- The Defendant knowingly and intentionally possessed the controlled substance as charged;

- The controlled substance was five-hundred (500) grams or more of a mixture or substance containing a detectable amount of Cocaine, a Schedule II controlled substance; and

- The Defendant possessed the controlled substance with the intent to distribute it to another person or persons.

The elements for Count 3 are:

- The Defendant knowingly and intentionally possessed the controlled substance as charged;

- The controlled substance was between fifty (50) kilograms or more of a mixture or substance containing a detectable amount of Marijuana, a Schedule I controlled substance; and

- The Defendant possessed the controlled substance with the intent to distribute it to another person or persons.

The elements for Count 4 are:

- The Defendant knowingly and intentionally possessed the controlled substance as charged;

- The controlled substance was Psilocybin, a Schedule I controlled substance; and

- The Defendant possessed the controlled substance with the intent to distribute it to another person or persons.

**AFFIDAVIT IN SUPPORT OF COMPLAINT AND ARREST WARRANT**

Complainant, Brian A. Swenson, being duly sworn, hereby states that this Felony Complaint is based on information obtained through an investigation consisting of the following:

1.      I am a Special Agent with the United States Drug Enforcement Administration (DEA) and have so been employed since May of 2004. I am presently assigned to the DEA Salt Lake City District Office.  I am a law enforcement officer of the United States within the

meaning of Title 18, United States Code Section 2510(7), and I am empowered by law to conduct investigations and make arrests for offenses enumerated in Section 2516, of Title 18, United States Code.

2.      I was trained as a DEA Special Agent at the DEA Academy, Quantico, Virginia in 2004.  During my training, I received specialized training for conducting investigations involving the Controlled Substance Act, Title 21 United States Code, including, but not limited to, Sections 841(a)(1) and 846, Controlled Substance Violations and Conspiracy to Commit Controlled Substance Violations, respectively. After graduating from the DEA Academy, I was assigned to the Sacramento District Office in 2004 and then re-assigned to the Salt Lake City District Office in December 2016. As part of my assignment, I have participated in multiple investigations targeting individuals and drug trafficking organizations trafficking fentanyl, heroin, cocaine, crack cocaine, marijuana, methamphetamine, MDMA, and other controlled substances as defined in Title 21 United States Code, Section 801.  As a result, I have become familiar with the various tools, methods, trends, paraphernalia, and related articles used by traffickers in their efforts to import, conceal, manufacture, and distribute controlled substances. I have been actively involved as a case agent in numerous investigations and have interviewed many cooperating defendants, sources of information, and confidential sources with knowledge and involvement in trafficking narcotics. I have authored many affidavits for search warrants and arrest warrants, and I am familiar with the manner in which drug traffickers use electronic communications to conduct their illegal operations.  I have also been the case agent for federal wiretap investigations and as a wire room supervisor. As such, I am familiar with many of the means and methods used by drug traffickers to purchase, transport, store, and distribute drugs. I also have experience in analyzing and interpreting coded language used by drug traffickers during telephone

conversations, text message communications, email communications, and social media
communications

3.     I am presently involved in an ongoing federal criminal investigation of Michael
Paul GIBB and others known and unknown for drug trafficking in violation of 21 U.S.C. §
841(a)(1), Distribution of Controlled Substances ("Target Offense").

4.     I have participated in the investigation detailed in this affidavit.  I am familiar
with all aspects of this investigation.  I make this affidavit based upon my personal knowledge
derived from my participation in this investigation, as well as conclusions from conversations
that I have had with other Special Agents and Task Force Officers of the DEA and state and local
investigators familiar with narcotics trafficking and money laundering activities.  I am not
submitting every detail of this investigation only the facts sufficient to establish probable cause
for the search warrant requested. My interpretations of certain statements and conversation
below are based on my training and experience and knowledge of this investigation.

5.     This affidavit is intended to show merely that there is sufficient probable cause
for the requested arrest warrant and does not set forth all of my knowledge about this matter.

6.     On May 24, 2022, this court authorized a search warrant of GIBB's residence.
(Case No. 2:22-mj-373-CMR.). The search warrant was served and executed at GIBB's
residence this morning, May 25, 2022.

7.     During the authorized search of GIBB's residence, agents located and seized
numerous controlled substances (including some in vacuum sealed bags and other containers
ready for distribution), thousands of dollars in U.S. currency, multiple semi-automatic firearms
and ammunition, and items associated with drug distribution such as a scale, vacuum sealer,
empty plastic baggies (including those for the vacuum sealer), and drugs packaged for

distribution.

8.     GIBB was present when the search warrant was executed and agreed to speak with law enforcement post-Miranda. He admitted to distributing fentanyl and other controlled substances. He provided agents with the combination to the large safe located in his bedroom at the foot of his bed, and told them that numerous controlled substances, including blue fentanyl pills and cocaine would be located in the safe. GIBB estimated that there were 2,000 fentanyl pills in the safe. Agents estimate the number of pills to be higher than that estimate.

9.     When opened, the bedroom safe contained thousands of dollars in cash, a one ounce bar of gold, blue pills that tested positive for fentanyl, and white powder substance that tested positive for cocaine. The safe also contained numerous products labeled as containing THC, such as edibles and vaping cartridges. Additional blue fentanyl pills were located in a bottle in a backpack with marijuana, as well as in a bowl on a counter. The bagged weight for the fentanyl was approximately 387 grams. The bagged weight total for the cocaine was 1,050 grams.

10.     Bags of mushrooms that tested positive for psilocybin were located in a basement living room cabinet and refrigerator. The bagged weight is approximately 276 grams.

11.     There were buckets, vacuum-sealed and zip-locked bags, and jars of marijuana located throughout the basement and upstairs in the residence. While agents are still processing the marijuana evidence, the weight of the marijuana seized is in excess of 50 kilograms.

12.     GIBB also possessed multiple firearms. Under his bed, agents located several semi-automatic weapons. Specifically, they located an AR-15 with four loaded magazines, an AK-47 with two loaded magazines, and a Master Piece Arms Defender .9mm semi-automatic pistol with an extended magazine.

13.     Based on my training and experience, and my knowledge of this case, I know that GIBB possessed distributable amounts of the controlled substances that are charged. In addition, GIBB's admissions regarding his drug distribution, as well as the other items located in the residence such as the scale, vacuum sealer, and baggies all substantiate that GIBB possessed the charged controlled substances with the intent to distribute them to others. Based on my training and experience, I know that drug trafficking is a cash business and that drug traffickers often have large amounts of cash proceeds from their distribution, which is consistent with the cash located in the safe. Based on my training and experience, I also know that drug traffickers belong to a culture that is governed by violence and they commonly possess firearms to protect their drugs, cash, and assets.

///

///

///

///

///

///

///

///

///

///

///

///

///

14.     Based on the foregoing information, I respectfully request an arrest warrant be issued for Michael Paul GIBB, as there is probable cause to believe that he violated 21 U.S.C. § 841(a)(1), Possession of Fentanyl with Intent to Distribute, 21 U.S.C. § 841(a)(1), Possession of Cocaine with Intent to Distribute, 21 U.S.C. § 841(a)(1), Possession of Marijuana with Intent to Distribute, and 21 U.S.C. § 841(a)(1), Possession of Psilocybin with Intent to Distribute.


*Brian A. Swenson*
_____
BRAIN A. SWENSON
Special Agent
Drug Enforcement Administration


APPROVED AS TO FORM:

TRINA A. HIGGINS
Acting United States Attorney

_____
JENNIFER E. GULLY
AARON B. CLARK
Assistant United States Attorneys


Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___via Zoom_____ (specify reliable electronic means) on this 25th day of May 2021.

_____
Hon. Cecilia M. Romero
United States Magistrate Judge